PETER R. DION-KINDEM (SBN 95267)
THE DION-KINDEM LAW FIRM
PETER R. DION-KINDEM, P. C.
21550 Oxnard Street, Suite 900
Woodland Hills, CA 91367
Telephone:  (818) 883-4900
Fax:          (818) 883-4902
Email:        peter@dion-kindemlaw.com

Attorneys for Plaintiff Barry Rosen

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Barry Rosen,<br><br>       Plaintiff,<br><br>       vs.<br><br>Terapeak, Inc., WorthPoint Corporation, and Does 1 through 10,<br><br>       Defendants. | **Case No.**<br><br>**Complaint and Demand for Jury Trial** |

Plaintiff Barry Rosen ("Plaintiff") alleges:

### Jurisdiction and Venue

1.    ***Subject Matter Jurisdiction.*** This action arises under the Copyright Act, 17 U.S.C. § 101 *et seq*. This Court has original subject matter jurisdiction over all claims pursuant to 28 U.S.C. Sections 1331 and 1338(a).

**Complaint**

1

2. ***Venue.*** Venue is proper in this Court pursuant to 28 U.S.C. Section 1391 (b), (c), and Section 1400(a).

3. ***Personal Jurisdiction.*** Personal jurisdiction is proper over the Defendants because they either reside in California or the wrongful activity at issue concerns Defendants' operation of commercial businesses through which Defendants knowingly transact business and enter into contracts with individuals in California, including within the County of Los Angeles. Each of the Defendants, therefore, has purposefully availed itself of the privilege of doing business in California, and material elements of Defendants' wrongdoing occurred in this State, *i.e.*, Defendants caused the infringing images to be distributed to and displayed in Los Angeles County to thousands of persons.

4. Plaintiff does not presently know the true names and capacities of the defendants named as Does 1 through 10 and therefore sues such defendants by these fictitious names. Plaintiff believes that the Doe Defendants are persons or entities who are involved in the acts set forth below, either as independent contractors, agents, or employees of the known defendants, or through entering into a conspiracy and agreement with the known Defendants to perform these acts, for financial gain and profit, in violation of Plaintiff's rights. Plaintiff will request leave of Court to amend this Complaint to set forth their true names, identities and capacities when Plaintiff ascertains them. The Doe defendants and the known Defendants are referred to hereinafter collectively as "Defendants."

5. Defendants have been or are the principals, officers, directors, agents, employees, representatives, and/or co-conspirators of each of the other defendants, and in such capacity or capacities participated in the acts or conduct alleged herein and incurred liability therefor. At some unknown time, the Defendants, or some of them, entered into a conspiracy with other of the Defendants to commit the wrongful acts described herein. The actions described below were taken in

**Complaint**

furtherance of such conspiracy. Defendants aided and abetted each other in the wrongful acts alleged herein. Each of the Defendants acted for personal gain or in furtherance of their own financial advantage in doing the acts alleged below.

**First Claim for Relief for Copyright Infringement**
**(Against All Defendants)**

6.   Plaintiff realleges all of the preceding paragraphs.

7.   Plaintiff is a photographer. Plaintiff created the photographs identified in Exhibit A ("Photographs"). Each of the Photographs consists of material original with Plaintiff and each is copyrightable subject matter. Plaintiff is the owner of all right, title, and interest in and to each of the Photographs. Plaintiff has registered the copyrights for the Photographs and has been issued Certificates of Registration.

8.   Under Section 106 of the Copyright Act of 1976, 17 U.S.C. § 101 *et seq.* (the "Copyright Act"), Plaintiff has the distinct, severable, and exclusive rights, *inter alia*, to reproduce, distribute and publicly display the Photographs. (17 U.S.C. §§ 106(1), (3), and (5).)

9.   Defendant Terapeak, Inc. (also know as Advanced Ecommerce Research Systems, Inc.) is believed to be a Delaware corporation with offices in California.

10.   Defendant WorthPoint Corporation is believed to be a Delaware corporation.

11.   Within the last three years, Plaintiff discovered that Defendants, without Plaintiff's permission, consent or authority, (1) made or caused to be made unauthorized copies of the Photographs, (2) distributed, made available for distribution, and/or facilitated the unauthorized distribution of unauthorized copies of the Photographs, and/or (3) publicly displayed, made available for, and/or facilitated, the unauthorized public display of the Photographs on the websites terapeak.com and worthpoint.com.

12.   Such conduct constitutes direct infringement of Plaintiff's exclusive rights of copyright in the Photographs in violation of Sections 106 and 501 of the Copyright

**Complaint**
3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Act, 17 U.S.C. 106 and 501.

13.    Plaintiff is informed and believes that Terapeak, Inc. unlawfully licenses images from and pays moneys to third parties including, but not limited to, eBay and Amazon, for the use of images on its website Terapeak.com. Included among such images are copies of the images set forth in Exhibit A.

14.    Plaintiff is informed and believes that a contractual relationship exists wherein Terapeak, Inc. licenses or otherwise has supplied the infringing images at issue to WorthPoint Corporation for use on worthpoint.com in return for the payment of money. Included among such images are copies of the images set forth in Exhibit A.

15.    Defendants have engaged and continue to engage in the business of inducing, causing, and/or materially contributing to the unauthorized reproduction, public display, and/or distribution of copies of the Photographs. Defendants enabled, induced, facilitated, and/or materially contributed to each act of infringement by infringing users. Defendants' conduct constitutes contributory infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106, 109 and 501 of the Copyright Act, 17 U.S.C. 106, 109 and 501.

16.    Defendants have and have had the right and ability to control the infringing conduct alleged above. Defendants have derived, or have continuously attempted to derive, a direct financial benefit from the infringing use of the Photographs. Defendants' conduct constitutes vicarious infringement of Plaintiff's copyrights and exclusive rights under copyright in the Photographs in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. 106 and 501.

17.    Because Defendants have received a financial benefit directly attributable to the infringing activity and has the right and ability to control such activity, Defendants are not entitled to any DMCA safe harbor pursuant to Section 512 of the Copyright

**Complaint**

4

Act, 17 U.S.C. Section 512.

18.     Defendants' acts of infringement were willful, intentional, and purposeful, and/or in reckless disregard of and with indifference to Plaintiff's rights in that Defendants knew, should have known or recklessly failed to know that they did not have the right to use the Photographs in the manner in which they used the Photographs.

19.     As a direct and proximate result Defendants' infringements, Plaintiff was damaged, and Plaintiff is entitled to his actual damages and Defendants' profits pursuant to 17 U.S.C. section 504(b).

20.     Alternatively, at Plaintiff's election, Plaintiff is entitled to the maximum statutory damages pursuant to 17 U.S.C. Section 504(c) with respect to each work infringed or such other amounts as may be proper under 17 U.S.C. Section 504(c).

21.     Plaintiff is entitled to attorneys' fees and costs pursuant to 17 U.S.C. Section 505.

        WHEREFORE, Plaintiff demand a jury trial and prays for judgment against Defendants and each of them as follows:

1.      For Plaintiff's actual damages.

2.      For a full accounting under supervision of this Court of all profits, income, receipts, or other benefits derived by Defendants as a result of their unlawful conduct.

3.      For statutory damages under the Copyright Act.

4.      For prejudgment interest.

5.      For attorney's fees and costs.

6.      For preliminary and permanent injunctive relief from ongoing infringing activities, including, but not limited to:

        a. enjoining Defendants, and all persons acting in concert or participation with them, from: directly or indirectly infringing in any manner, or causing, contributing to, enabling, facilitating, or participating in the infringement, of

**Complaint**

5

Plaintiff's copyrights (whether now in existence or hereafter created) or exclusive rights under copyright, and

b. the seizure of all property made in, or used to assist in the, violation of Plaintiff's exclusive copyrights pursuant to 17 U.S.C. §503, including, but not limited to, all copies of the Photographs, all domains and all servers and other computer equipment used to publish, broadcast or archive the Photographs.

7. For such other and further relief as this Court deems just and appropriate.

Dated: January 7, 2015          THE DION-KINDEM LAW FIRM



BY: _____
          PETER R. DION-KINDEM, P.C.
          PETER R. DION-KINDEM
          Attorneys for Plaintiff Barry Rosen

**Complaint**

6

# Exhibit A to Copyright Complaint
## *Barry Rosen v. Terapeak, Inc., Worthpoint, inc., and Does 1 through 10,*

| Item | Subject | Registration | Registration Name |
|---|---|---|---|
| | **Terapeak** | | |
| 1 | Joanna Krupa | VA 1-230-935 | Published Works 2001 Pt 1 |
| 2 | Erika Eleniak | VAu692-231 | Erika Eleniak |
| 3 | Gena Lee Nolin | VA 1-230-949 | Gena Lee Nolin 12 |
| 4 | Anna Kourikova | VA 1-239-767 | Anna Kournikova 1 |
| 5 | Anna Kourikova | VA 1-239-764 | Anna Kournikova 10 |
| | | | |
| | **Worthpoint** | | |
| 1 | Gena Lee Nolin | VA 1-274-965 | Gena Lee Nolin 3 |
| 2 | Gena Lee Nolin | VA 1-230-949 | Gena Lee Nolin 12 |
| 3 | Angela Taylor | VA 1-289-516 | Published Works 2004 Pt 2 |
| 4 | Anna Kourikova | VAu590-412 | Kournikova Unpublished |
| 5 | Erika Eleniak | VA 1-926-358 | Erika Eleniak BB |
| | | | |