UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-00112-MWF (Ex)**                    **Date:  April 28, 2015**

Title:       Barry Rosen -*v*- Terapeak, Inc., et al.

Present:   The Honorable MICHAEL W.  FITZGERALD, U.S. District Judge

|  |  |
|---|---|
| Deputy Clerk: | Court Reporter: |
| Rita Sanchez | Not Reported |
|  |  |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER GRANTING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION [34]

Before the Court is a Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction (the "Motion") filed by WorthPoint Corporation ("WorthPoint") on March 19, 2015.  (Docket No.  34).  Plaintiff Barry Rosen filed an Opposition to WorthPoint Corporation's Motion to Dismiss First Amended Complaint (the "Opposition") on March 30, 2015.  (Docket No.  36).  WorthPoint filed a Reply Brief in Support of WorthPoint's Motion to Dismiss Amended Complaint for Lack of Personal Jurisdiction (the "Reply") on April 6, 2015.  (Docket No.  41).

The Court held a hearing on Motion on April 20, 2015 and read and considered the briefing on the matter provided by the parties.  For the reasons stated below the Court **GRANTS** the Motion.

## I.    BACKGROUND

Plaintiff is a photographer and brings this action for copyright infringement by Defendants, including WorthPoint, for a number of sales listing which include his photographs on popular auction website, eBay.com.  (First Amended Complaint ("FAC") ¶ 8, Ex.  A (Docket No.  23)).  WorthPoint is a Georgia-based, Delaware corporation, which provides online resources for researching and valuing antiques, art, and other collectables.  (Declaration of William Seippel, ¶¶ 2-3. (Docket No.  34-1)).  One of WorthPoint's products is Worthopedia, which provides a searchable database of auction and retail sales.  (*Id.*  ¶¶ 5-6).  It is accessible for free at worthpoint.com.

---

**CIVIL MINUTES—GENERAL**                                                                 **1**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015
Title:        Barry Rosen -*v*- Terapeak, Inc., et al.

Many of the listings are from online auctions on eBay.com and often include images of the items.  (*Id*. ¶ 6).  WorthPoint obtained the data from the eBay.com auctions through a license with Defendant Terapeak, Inc.  (*Id*. ¶ 7).  Currently, Worthopedia contains more than a billion images.  (*Id*. ¶ 6).

Plaintiff alleges that WorthPoint has made, distributed, and publicly displayed at least six copies of his photographs on its website, worthpoint.com.  (FAC ¶¶ 16-19).  Plaintiff notified WorthPoint of his copyright claims, and WorthPoint purported to have removed all of the images identified by Plaintiff before Plaintiff filed this action.  (Seippel Decl.  ¶¶ 8-9).

In declarations filed by WorthPoint CEO William Seippel, WorthPoint represents that WorthPoint has no employees in California; has never been licensed to do business in California; and has never leased property, in, paid taxes to, or entered into contracts within California.  (Seippel Decl. ¶¶ 4-5).  WorthPoint also maintains that it obtained the data for its listings from co-Defendant Terapeak, Inc., a Canadian company, and that it has no agreement with eBay, Inc. ("eBay").  (*Id*. ¶ 7; Supplemental Declaration of William Seippel ¶ 7 (Docket No. 41-3)).  WorthPoint further represents by declaration that the eBay servers from which it obtains its data are not located within California.  (Seippel Supp. Decl. ¶ 6).  Seippel also states that WorthPoint has confirmed that no one other than Plaintiff has accessed the postings with Plaintiff's photographs in California.  (*Id*. ¶ 9).

## II.    **EVIDENTIARY OBJECTIONS**

The parties submitted declarations in support of the positions articulated in their briefs.  WorthPoint submitted a declaration from its CEO William Seippel with both its Motion and Reply.  (Docket Nos. 34-1, 41-3).  Plaintiff submitted a declaration of his own with his Opposition.  (Docket No. 37).  Plaintiff also objected to the contents of both of Seippel's declarations, and WorthPoint objected in turn to Plaintiff's own Declaration.  (Docket No. 38, 43, 41-2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015

Title:      Barry Rosen -*v*- Terapeak, Inc., et al.

The objections are largely without merit, and in some instances, puzzling.  For example, Plaintiff objects to Seippel's statements in both declarations that he is "competent to testify to the matters and facts set forth below, all of which are within my personal knowledge" as an inadmissible conclusion and opinion.  (Docket Nos. 38, 41).  The Court agrees that the statement itself does not sanitize a declaration from an objection as to lack of foundation, but the statement itself is not objectionable.  Plaintiff also objects to Seippel's statement that as CEO he is "personally familiar with the business and operations of the company, including the operation of WorthPoint's databases" for the same reasons.

A number of objections are for relevance.  The Court will only consider only relevant evidence and will weigh marginal evidence accordingly.  The objections as to relevance are more accurately described as objections based on Rule 403.  The Court also notes that the statements in the Rosen Declaration are more similar to legal argument and conclusions.

Plaintiff also objects to statements by Seippel in his declaration that WorthPoint does not sell photographs or products available on Worthopedia and that access to the website is free apart from pricing data.  (Docket No. 38 at 6).  As CEO, and as stated at the beginning of his declaration, Seippel has personal knowledge of WorthPoint's corporate activity and the manner in which WorthPoint's clients interact with its website.  Accordingly, the Court **OVERRULES** the objection.  Similarly, the Court **OVERRULES** Plaintiff's objection to Seippel's declaration as to his company's lack of a contract with eBay and the nature of its contract with Terapeak, Inc. as Seippel established in his declaration that he is WorthPoint's CEO.  That is a sufficient basis for his having personal knowledge of these significant matters of WorthPoint's business operations.  Fed. R. Evidence 602; *Cf. United States v. Shumway*, 199 F3d 1093, 1104 (9th Cir. 1999) ("the declaration itself must contain facts showing the declarant's connection with the matters stated therein, establishing the source of his or her information").

At the hearing Plaintiff again raised his objections to Seippel's declarations, primarily as to Seippel's personal knowledge of the facts on which WorthPoint relied.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015
Title:        Barry Rosen -*v*- Terapeak, Inc., et al.

First, Plaintiff questioned whether Seippel, as CEO, would have personal knowledge of the location of the servers from which WorthPoint obtains its data.  The Court is not convinced that the CEO of a technology company would not have personal knowledge of the internet infrastructure on which his company relies.  Regardless, as explained below, the location of the servers from which WorthPoint obtains its data is not relevant to the analysis.  The objection is **OVERRULED**.  Second, Plaintiff questioned Seippel's personal knowledge of WorthPoint's lacking any evidence that people in California had accessed the photographs, arguing that it was hearsay testimony of statements made to him by an employee.  As explained below, it is Plaintiff's burden to establish contacts with California.  Even assuming Seippel did not acquire personal knowledge of the statements in his declaration, Plaintiff has not carried his burden sufficiently to suggest that his photographs are actually being viewed in California.  The objection is therefore **OVERRULED** as moot.

The Court declines to address the parties' remaining objections individually, as no particular ruling would have an effect on the outcome of this Order.  Accordingly, the Court **OVERRULES** the remaining objections as ***moot***.

## III.    LEGAL STANDARD

Where, as here, no federal statute authorizes personal jurisdiction, the Court applies the law of the state in which the court sits.  *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998).  California's long-arm statute, California Code of Civil Procedure section 410.10, extends to the limits of federal due process requirements, so the Court need only conduct jurisdictional analysis under federal due process.  *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800–01 (9th Cir. 2004) (holding that placement of an unauthorized picture in advertisement in local Ohio newspaper was not directed at California so as to provide for personal jurisdiction in California).  "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'"  *Mavrix Photo, Inc. v. Brand*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015

Title:        Barry Rosen -*v*- Terapeak, Inc., et al.

*Technologies, Inc.*, 647 F.3d 1218, 1223 (9th Cir. 2011) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310 (1945)).

Plaintiff bears the burden of demonstrating that jurisdiction is proper.  *See Dole Food, Inc. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).  However, Plaintiff need only make a prima facie showing.  *See Caruth v. International Psychoanalytical Ass'n*, 59 F.3d 126, 128 (9th Cir. 1995) (stating that, when there has been no evidentiary hearing, "we only inquire into whether [the plaintiff's] pleadings and affidavits make a prima facie showing of personal jurisdiction").  Thus, "Plaintiff need only demonstrate facts that if true would support jurisdiction over the defendant." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).  In considering this motion, the Court takes as true Plaintiff's allegations and resolves all factual disputes in Plaintiff's favor. *Schwarzenegger*, 247 F.3d at 800.  However, the Court "may not assume the truth of allegations in a pleading which are contradicted by affidavit." *Mavrix*, 647 F.3d at 1223 (quotation omitted).  In addition, "mere 'bare bones' assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden." *Fiore v. Walden*, 657 F.3d 838, 846–47 (9th Cir. 2011) overruled on other grounds by *Walden v. Fiore*, 134 S. Ct. 1115 (2014).

The Ninth Circuit has established a three-prong test for analyzing a claim of specific jurisdiction:

(1)    The non-resident defendant must purposefully direct activities or consummate some transaction with the forum or resident thereof; or perform some act which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;

(2)    the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3)    the exercise of jurisdiction must comport with fair play and substantial justice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015

Title:       Barry Rosen -v- Terapeak, Inc., et al.

*Schwarzenegger*, 374 F.3d at 802.  Plaintiff bears the burden of satisfying the first two prongs; if he does, the burden shifts to WorthPoint to present a "compelling case that the exercise of jurisdiction would not be reasonable." *Mavrix*, 647 F.3d at 1228 (internal citations and quotation marks omitted).

## A.       Purposeful Direction

Under the first prong of the specific jurisdiction test, Plaintiff must establish that WorthPoint either purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California.  *See Schwarzenegger*, 374 F.3d at 802.  The Ninth Circuit distinguished between "purposeful availment" and "purposeful direction" in *Schwarzenegger*. 374 F.3d at 801.  An availment analysis, typically used in suits sounding in contract, looks for "evidence of the defendant's actions in the forum, such as executing or performing a contract there." *Id*. at 802.  A direction analysis, most often used in suits sounding in tort, looks for "evidence of the defendant's actions outside the forum state that are directed at the forum, such as the distribution in the forum state of goods originating elsewhere." *Id*. at 803.  The Court will use the "purposeful direction" analysis because a copyright action is more similar to a tort suit than one sounding in contract.  *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010) ("the underlying action is copyright infringement, which is often characterized as a tort. Purposeful direction is therefore the proper analytical framework in this case.") (citing to *Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc.*, 106 F.3d 284, 289 (9th Cir. 1997), *overruled on other grounds by Feltner v. Columbia Pictures*, 523 U.S. 340 (1998) (likening willful copyright infringement to an intentional tort)).

In analyzing purposeful direction, the Court applies the "effects" test first established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984).  *See Schwarzenegger*, 374 F.3d at 803.  According to this test, WorthPoint must have (1) committed an intentional act, which was (2) expressly aimed at the forum state, and (3) caused harm that the defendant knows is likely to be suffered in the forum state.

CIVIL MINUTES—GENERAL                                                        6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015
Title:       Barry Rosen -*v*- Terapeak, Inc., et al.

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

### 1.  Intentional Act

The Ninth Circuit has construed intent as referring to "an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act."  *Brayton Purcell LLP*, 606 F.3d at 1128.  WorthPoint does not contest this part of the test, and the Court determines that WorthPoint committed an intentional act if, as alleged, it uploaded listings containing the allegedly infringing images to its website.  *Id*. (finding that intentional act requirement was "easily satisfied" in copyright infringement actions).

### 2.  Express Aiming

The second prong of the *Calder* effects test is whether WorthPoint expressly aimed its conduct at the forum.  The Ninth Circuit has explained that "'something more' than mere foreseeability [is required] in order to justify the assertion of personal jurisdiction," *Schwarzenegger*, 374 F.3d at 805; that "something more" is "what the Supreme Court described as 'express aiming' at the forum state."  *See Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1156 (9th Cir. 2006) (holding that maintaining a purely passive website was not sufficient to show purposeful direction to California sufficient to establish personal jurisdiction in that forum) (quoting *Bancroft*, 223 F.3d at 1087). It is "beyond dispute in [the Ninth Circuit] that maintenance of a passive website alone cannot satisfy the express aiming prong." *Mavrix*, 647 F.3d at 1229 (quoting *Brayton Purcell*, 606 F.3d at 1129); *Holland Am. Line Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 460 (9th Cir. 2007) ("We consistently have held that a mere web presence is insufficient to establish personal jurisdiction.").

Courts in the Ninth Circuit assess the nature of a website in determining the likelihood that the defendant is subject to personal jurisdiction under the *Calder* effects test.  *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 419 (9th Cir. 1997) ("the likelihood that personal jurisdiction can be constitutionally exercised is directly

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015
Title:       Barry Rosen -v- Terapeak, Inc., et al.

proportionate to the nature and quality of commercial activity that an entity conducts over the Internet.") (quoting *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119, 1124 (W.D. Penn. 1997)).  However, the mere maintenance of an interactive website, without consummated commercial activity, is not sufficient to establish specific jurisdiction over Defendant.  *Life Alert Emergency Response, Inc. v. Lifealert Sec., Inc.*, No. CV-08-3226 AHM, 2008 WL 5412431, at *4 (C.D. Cal. Dec. 29, 2008) (determining personal jurisdiction did not attach to Canadian company despite claims that defendant should have known its infringement of U.S. trademark would harm plaintiff in California because there was no evidence presented that it had "singled out California").

### 3.  Foreseeability

Plaintiff must also show that WorthPoint's actions resulted in harm that was foreseeably felt within the jurisdiction.  *Bancroft*, 223 F.3d at 1087.  It is well-established law, however, that foreseeability without something more is insufficient to establish that a defendant purposely directed its conduct at a foreign forum.  *Pebble Beach*, 453 F.3d at 1156 ("we have warned courts not to focus too narrowly on the test's third prong—the effects prong—holding that 'something more' is needed in addition to a mere foreseeable effect") (citing *Bancroft*, 223 F.3d at 1087).

### B.     <u>Claims Arise from the Forum-Related Activity</u>

A court's exercise of specific jurisdiction is also limited to claims that arise directly from a defendant's forum-related activity.  For the second prong, Plaintiff must therefore establish that it is WorthPoint's activity directed at California that gives rise to his claims.  *Bancroft*, 223 F.3d at 1088 ("The second requirement for specific jurisdiction is that the contacts constituting purposeful availment must be the ones that give rise to the current suit.").  Courts measure this requirement in terms of "but for" causation.  *Id*.

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015

Title:      Barry Rosen -*v*- Terapeak, Inc., et al.

C.      **Whether the Exercise of Jurisdiction is Reasonable**

If a plaintiff makes a showing on the first two prongs, the burden shifts to the party challenging personal jurisdiction to make a "compelling case" that the Court's exercise of jurisdiction would be unreasonable under principles of due process.  In determining whether the exercise of jurisdiction comports with "fair play and substantial justice," and is therefore "reasonable," the Court considers seven factors under Ninth Circuit case law: (1) the extent of the defendants' purposeful injection into the forum state's affairs; (2) the burden on the defendant of defending in the forum; (3) the extent of conflict with the sovereignty of the defendant's state; (4) the forum state's interest in adjudicating the dispute; (5) the most efficient judicial resolution of the controversy; (6) the importance of the forum to the plaintiff's interest in convenient and effective relief; and (7) the existence of an alternative forum. *Dole Food*, 303 F.3d at 1114.

IV.    **DISCUSSION**

WorthPoint argues that this Court does not have specific personal jurisdiction over it because it lacks sufficient minimum contacts with the State of California.  It is a Georgia-based company that is not licensed to do business in California and has no offices or facilities in California.  WorthPoint also argues that while its website is accessible in California, and even has some California users, it is not directed in any particular way at California, or Plaintiff.

While Plaintiff does not specifically address the elements of the *Calder* effects test under that name, he does make a number of allegations that are relevant to the Court's inquiry.  Plaintiff alleges that:

- Unauthorized copies of his photographs are accessible from within California on WorthPoint's website (FAC ¶¶ 4, 16-19);

- Discovery will demonstrate that WorthPoint has many subscribers in California (Rosen Decl. ¶¶ 19-21).

CIVIL MINUTES—GENERAL                                    9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015
Title:      Barry Rosen -*v*- Terapeak, Inc., et al.

- WorthPoint has license agreements with eBay (*id.* ¶16);

- WorthPoint is a "broadcaster" whose broadcasts are sent across the world and California over the internet, and so it could reasonably foresee that its actions would result in access to people in California resulting in damage to people in California (*id.* ¶ 16);

- WorthPoint promotes its services across the internet and discovery will show that WorthPoint directs its advertising efforts to residents of California (*id.* ¶ 21);

- WorthPoint's services relate to collectables, and relevant to this case, entertainment collectibles related to the forum of Los Angeles, California (*id.* ¶ 20);

- WorthPoint has an app available from California-based Apple's App Store (*id.* ¶ 22);

- Infringing items were still available on WorthPoint's website when the FAC was filed on March 5, 2013 (*id.* ¶ 24).

Plaintiff does not clearly apply these factual allegations to the law, but the Court views Plaintiff as presenting four arguments as to why WorthPoint is subject to personal jurisdiction in California.  *First*, WorthPoint directed harm at him in California by infringing his copyright.  *Second*, WorthPoint has expressly directed itself to California through advertising its products to citizens of the state.  *Third*, WorthPoint's interactions with its known customers in California constitute sufficient minimum contacts to establish personal jurisdiction.  *Fourth*, WorthPoint has a number of other contacts with California that are sufficiently associated with its allegedly wrongful conduct to justify this Court exercising its jurisdiction over WorthPoint.

The Court applies the framework for analyzing personal jurisdiction under Ninth Circuit law to each of Plaintiff's arguments below and determines that Plaintiff fails to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                         Date:  April 28, 2015

Title:       Barry Rosen -*v*- Terapeak, Inc., et al.

establish a prima facie case against WorthPoint on both the first and second prongs of
the test for personal jurisdiction.

>        **A.       <u>Copyright Harm Felt by Plaintiff in California</u>**

Plaintiff argues that because WorthPoint was aware of his existence and his
presence in California, WorthPoint has directly aimed its activities at California and so
is subject to personal jurisdiction in the forum.

Plaintiff is correct that Ninth Circuit precedent provides for a finding of personal
jurisdiction in the plaintiff's forum where a defendant willfully infringes the
intellectual property rights with knowledge of the plaintiff's place of residence.  *See
Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 679 (9th Cir. 2012)
(holding that sporting goods store was subject to personal jurisdiction in Washington
state for sale of infringing goods after receiving notice from Washington resident
despite sales all occurring in Alabama); *see also Columbia Pictures Television*, 106
F.3d at 289 (finding that the purposeful availment requirement of the specific
jurisdiction test was satisfied where the defendant had "willfully infringed copyrights
owned by Columbia, which, as [the defendant] knew, had its principal place of
business in [the forum]"); *Amini Innovation Corp. v. JS Imports, Inc.*, 497 F. Supp. 2d
1093, 1107 (C.D. Cal. 2007) (interactive commercial website with no sales to
California was not sufficient to establish personal jurisdiction, but knowledge of
plaintiff's presence in California and allegations of willful infringement was sufficient
to show purposeful direction of activity to California).

The court in *Washington Shoe* explained that the "something more" required
from a merely foreseeable effect is "express aiming" by the defendant, which requires
a showing that the defendant "engaged in wrongful conduct targeted at a plaintiff
whom the defendant knows to be a resident of the forum state."  704 F.3d at 679
(quoting *Dole Food*, 303 F.3d at 1111).  The court held that the "impact of a *willful*
infringement is necessarily directed" at the place where the copyright is held.
*Washington Shoe*, 704 F.3d at 678 (emphasis in original).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015

Title:        Barry Rosen -v- Terapeak, Inc., et al.

However, Plaintiff's allegations are not sufficient to establish such direction. WorthPoint may have been on notice as to Plaintiff's copyright claims prior to his filing this action.  However, WorthPoint's actions in failing to remove every instance of Plaintiff's photographs from the billion it has on its servers does not constitute an act purposely directed, or "individually targeting" Plaintiff in his forum of residence sufficient to establish personal jurisdiction.  *Bancroft*, 223 F.3d at 1087 ("express aiming encompasses wrongful conduct individually targeting a known forum resident"); *see also Golden Scorpio Corp. v. Steel Horse Saloon I*, No. CV-08-1781-PHX-GMS, 2009 WL 348740, at *8 (D. Ariz. Feb. 11, 2009) ("just because the defaulted defendants each had received a cease and desist letter and were therefore aware of the existence of Plaintiff in Arizona, does not transform their acts into acts expressly aimed at Arizona"); *see also Walden v. Fiore*, 134 S. Ct. 1115 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State").

Plaintiff also makes no allegations that WorthPoint has misused his intellectual property with the purpose of disrupting his business within the forum, such as those made by the plaintiffs in *Brayton Purcell* for copyright infringement of marketing materials by a competitor law firm.  505 F.3d at 1129–30.  *See also Love v. Associated Newspapers, Ltd.*, 611 F.3d 601, 609, n.4 (9th Cir. 2010) (holding that plaintiff's argument that defendant targeted his business interests in California because his career was based in California "is not supported by facts" and so fails to establish personal jurisdiction).

Further, the Court is skeptical that such an analysis remains good law in light of the Supreme Court's decision in *Walden v. Fiore*, 134 S. Ct. 1115 (2014).  The Court emphasized that the *Calder* analysis must focus on the defendant's wrongful acts directed at the forum, rather than the effect those acts have on a plaintiff in their place of residence.  The relevance of the *Walden* decision – relating to an unreasonable search and seizure by a police officer while plaintiffs were traveling – to a copyright claim, was not briefed by the parties.  The disparate impact of the harm caused by copyright infringement might justify an exception to the rule, consistent with *Washington Shoe*.  The *Walden* Court also noted that the dispute did "not present the

CIVIL MINUTES—GENERAL                                             12

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015
Title:        Barry Rosen -*v*- Terapeak, Inc., et al.

very different questions whether and how a defendant's virtual 'presence' and conduct translate into 'contacts' with a particular State." *Id*. at 1125, n.9.  However, because Plaintiff fails to meet even the requirements under current Ninth Circuit precedent, the Court need consider the effect of *Walden* on that precedent.

Plaintiff's argument that WorthPoint is subject to jurisdiction in California because of its allegedly targeting of Plaintiff is unpersuasive because Plaintiff fails to allege sufficient facts to show that by failing to stop using eBay photographs and remove every one of Plaintiff's photographs, WorthPoint was purposely targeting Plaintiff in California.  Plaintiff's argument that WorthPoint is subject to personal jurisdiction in it infringed the copyright of a California resident fails to satisfy the express aiming prong of the *Calder* effects test.

## B.        Advertising its Services to California Residents

Plaintiff also alleges that WorthPoint advertises its services "via numerous advertising, promotions and press releases that can be found all over the internet." (Opp. at 4; Rosen Decl. ¶ 21).  Plaintiff further claims that discovery will indicate that WorthPoint "does direct its advertising efforts to residents of California." (Opp. at 4; Rosen Decl. ¶ 21).  Such claims, however, are entirely conclusory and speculative, and are not sufficient for Plaintiff to carry his burden of establishing that WorthPoint directly targets its services to residents of California.

In *Mavrix Photo Inc. v. Brand Technologies, Inc.* The Ninth Circuit held that an Ohio-based online magazine was subject to personal jurisdiction in California when it posted images owned by a California-based plaintiff on its nationally prominent website.  647 F.3d at 1229.  Plaintiff's reference to the case and the apparently related allegations in the FAC and Rosen's Declaration, however, do not persuade the Court of the similarities in the two cases to warrant a finding of personal jurisdiction.

The *Mavrix* court ruled that the record showed that Brand had used its photos "as part of [Brand's] exploitation of the California market for its own commercial gain."  The court also noted that while it found Brand's exploitation of the California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015

Title:       Barry Rosen -*v*- Terapeak, Inc., et al.

market to satisfy the "expressly aimed" prong of the test, this was not alone sufficient, and also considered the harm Brand's publication of the photos caused.  It concluded that publication of the photos "destroyed their market value" and caused harm not only in Florida, Mavrix's principal place of business, but also in California because a "significant number of Californians" would have purchased Mavrix's publications to gain access to the photos, which constituted a "jurisdictionally significant" amount of harm. *Id.* at 1232.

Plaintiff's allegations are distinguishable from the facts of Mavrix in two significant ways.  ***First***, Plaintiff fails to articulate that WorthPoint directs its website at California, or relies on California business, in a way similar to Brand's exploitation of the California market.  ***Second***, Plaintiff fails to articulate how the allege copyright violation has actually affected him, or caused him harm, in the way that Brand's publication of the photographs harmed Mavrix in California.

Plaintiff's allegations as to WorthPoint's directing activity to California comprise no more than general statements that material online is available in California, and that WorthPoint is likely targeting California because of its size and affinity with technology.  This is not enough to carry Plaintiff's burden to show that WorthPoint has purposely directed itself to California rather than to the world at large.

### C.       WorthPoint's California Customers

Plaintiff claims that WorthPoint has California customers and argues that this indicates that it has purposely availed itself of, and has purposely directed itself to, California.  WorthPoint does not deny that it has California customers, including paying customers, but argues that Plaintiff has failed to establish that any infringing activity occurred in connection with those customers.  The only purportedly infringing activity is that created by Plaintiff himself.  (Seippel Suppl. Decl. ¶ 9).

Plaintiff does not argue that WorthPoint is subject to general jurisdiction within California.  Therefore, he must allege a connection between the contacts WorthPoint has with California and its allegedly wrongful activity.  *Walden*, 134 S. Ct. at 1121

CIVIL MINUTES—GENERAL                              14

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015
Title:        Barry Rosen -v- Terapeak, Inc., et al.

("the defendant's suit-related conduct must create a substantial connection with the forum State [and] must arise out of contacts that the 'defendant himself' creates with the forum State.").  Plaintiff fails to allege any instances of infringement within California.

As a number of courts have explained, personal jurisdiction will not be based solely on a plaintiff's own interactions with a foreign entity.  *See Adobe Sys. Inc. v. Trinity Software Distribution, Inc.*, C 12-1614 SI, 2012 WL 3763643, at *6 (N.D. Cal. Aug. 29, 2012) (holding that the only evidence of a sale of the allegedly infringing software in California was plaintiff's, which is insufficient to establish "express aiming");  *NuboNau, Inc. v. NB Labs, Ltd.*, 10cv2631–LAB, 2012 WL 843503, *3 (S.D. Cal. Mar. 9, 2012) (finding lack of personal jurisdiction after allowing jurisdictional discovery; noting "[t]his kind of orchestrated purchase [of defendant's product by plaintiff] cannot give rise to personal jurisdiction.").

Plaintiff argues that because WorthPoint "broadcasts" its services, including Plaintiff's photographs online, it "could reasonably foresee that its actions would result in access to persons in California" including, presumably customers in the state.  (Opp. at 4).  However, such a general statement, without more is insufficient under clearly established Ninth Circuit law.  *Mavrix*, 647 F.3d at 1229 (it is "beyond dispute in [the Ninth Circuit] that maintenance of a passive website alone cannot satisfy the express aiming prong.").  Plaintiff fails to articulate how WorthPoint has specifically targeted him in California.

*Amini Innovation Corporation v. JS Imports* is particularly instructive on this point.  497 F. Supp. 2d 1093 (C.D. Cal. 2007).  In *Amini*, the plaintiff argued that the defendants' retail website was sufficiently interactive and directed at California to warrant finding personal jurisdiction over an out of state retailer with no other contacts with California.  The court rejected the argument, noting that there had been no sales of the allegedly infringing furniture into California apart from one instigated by plaintiff's counsel.  The Court sees no difference to the present case, except that where in *Amini* the infringing materials were clearly available and all specifically directed for commerce, the materials here sit passively in WorthPoint's database and are only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV-15-00112-MWF (Ex)                    Date:  April 28, 2015
Title:        Barry Rosen -*v*- Terapeak, Inc., et al.

accessed by a user requesting a particular set of listings, further limiting the notion that WorthPoint is purposely directing its purportedly wrongful acts at California.  (Seippel Decl. ¶ 10).

Plaintiff fails to connect the allegedly infringing conduct with any activity in California.  Plaintiff only argues that the photographs have been publicly displayed to people within California.  However, WorthPoint's declarations show that the photographs are in fact stored in a database and are only available should particular users call them up through a search on Worthopedia, unlike the pictures published on magazine websites or similar blogs which are displayed to all visitors to the site. Therefore a visitor from California – which WorthPoint does not dispute it has – does not necessarily – or even probably given the number of listings on Worthopedia – view the allegedly infringing photographs.  Plaintiff presents nothing to the Court to even suggest that any person other than he and his counsel have accessed them.  The mere availability of the photographs through a website accessible from California is insufficient to establish personal jurisdiction.

**D.     WorthPoint's Other California Contacts**

Plaintiff also alleges a variety of other contacts WorthPoint has with California in support of his argument that WorthPoint has availed itself "of the privilege of doing business with California entities and person."   (Opp. at 4).  These allegations include WorthPoint's app available on the Apple App Store, run by California-based Apple, Inc.; WorthPoint's use of eBay servers in California to obtain Plaintiff's photographs; and WorthPoint's purported license from eBay, Inc.  (Opp. at 4).

Plaintiff does not allege how the WorthPoint app relates to his claims against WorthPoint.  Further, using this as a basis for personal jurisdiction would drastically increase the scope of personal jurisdiction in the California courts. Absent binding authority to that effect, such an expansion is not warranted on the facts alleged in the present case.  *See, e.g., DFSB Kollective Co. v. Bourne*, 897 F. Supp. 2d 871, 884 (N.D. Cal. 2012) (rejecting argument that posting copyrighted songs online subjects a defendant to personal jurisdiction in California because of lost revenue to non-party

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  **CV-15-00112-MWF (Ex)**                    Date:  **April 28, 2015**
Title:        Barry Rosen -*v*- Terapeak, Inc., et al.

Apple, Inc. through its iTunes store because it "would lead to an unprecedented expansion of personal jurisdiction in California [to] any person who illegally offers copyrighted songs on the Internet for commercial gain.").

The parties also have submitted competing declarations as to WorthPoint's relationship with eBay.  First, Plaintiff states in his declaration "[b]y WorthPoint's own admission on its website, the images at issue in this case came from eBay and therefore were taken off of eBay's servers which I am personally aware through years of dealing with eBay, are located within California."  (Rosen Decl. ¶ 10).  In Seippel's Supplemental Declaration, he states that WorthPoint does not download data from eBay directly and that "[t]he eBay servers relevant to WorthPoint are operated by Akamai Technologies at its facility located within 100 miles of WorthPoint's servers. Therefore no downloading of images by WorthPoint is done in the state of California." (Seippel Suppl. Decl. ¶ 6).

The parties did not brief the relevance of the location of the servers from which WorthPoint obtains the images.  However, the Court finds direction from other cases that have rejected the notion that the mere location of a server may give rise to personal jurisdiction.  *See Browne v. McCain*, 612 F.Supp.2d 1118, 1124 (C.D. Cal. 2009) (refusing to exercise jurisdiction over a defendant merely because of relationship with California-based YouTube that enabled copyright claim, and rejecting  argument that presence of YouTube's servers in California was sufficient to establish personal jurisdiction); *Man-D-Tec, Inc. v. Nylube Products Co., LLC*, No. CV-11-1573-PHX-GMS, 2012 WL 1831521, at *2 (D. Ariz. May 18, 2012) ("If the mere location of a server could create personal jurisdiction, any state where a server is located would have personal jurisdiction over any user of that server"); *Doe v. Geller*, 533 F. Supp. 2d 996, 1009 (N.D. Cal. 2008) ("If plaintiff's theory of jurisdiction were upheld, then the Northern District of California could assert jurisdiction over every single takedown notice ever sent to YouTube or any other company in Silicon Valley.").

Courts in other circuits have also rejected the "fortuitous" presence of a server to be relevant to a finding of personal jurisdiction. *See, e.g., Chang v. Virgin Mobile USA, LLC*, No. CIV.A.3:07-CV-1767-D, 2009 WL 111570, at *3 (N.D. Tex. Jan. 16, 2009)

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                          Date:  April 28, 2015

Title:        Barry Rosen -*v*- Terapeak, Inc., et al.

(Plaintiffs "cannot rely on the fortuitous location of Flickr's servers to establish personal jurisdiction over Virgin Australia") (citing *Ray v. Experian*, 2007 WL 4245459, at *3 (N.D. Tex. Nov. 30, 2007) (holding that defendant's "accessing or sending data . . . to or from a database which happens to be headquartered in Texas is not purposeful availment by [defendant] of the benefits and protections of Texas' laws"); *Laughlin v. Perot*, 1997 WL 135676, at * 6–* 7 (N.D. Tex. Mar.12, 1997) (finding that foreign corporation's electronically accessing consumer report in Texas could not give rise to jurisdiction in Texas)).

Plaintiff also alleges that WorthPoint has a license from eBay by which it has subjected itself to California law.  (Rosen Decl. ¶ 6, Ex. 4).  The Court is unpersuaded that this is a jurisdictionally relevant contact that is sufficiently related to either the forum or the claims to justify exercising personal jurisdiction.  The parties submit competing declarations as to whether WorthPoint has a license agreement with eBay.  Plaintiff points to WorthPoint's website, which indicates that it licenses its data from eBay.  (Rosen Decl. ¶ 6, Ex. 4).  WorthPoint asserts that it has no contractual relationship with eBay, but rather, "WorthPoint is licensed to use eBay data; this license is based on the Terapeak agreement [and] WorthPoint has no direct license from eBay, or agreement with it."  (Seippel Suppl. Decl. ¶ 7).

In considering evidence presented in a dispute over personal jurisdiction the Court must resolve any disputes in affidavits in the plaintiff's favor.  *Schwarzenegger*, 247 F.3d at 800.  The Court is skeptical that Plaintiff presents a true dispute given the explanation provided by Seippel in his supplemental declaration.  (Seippel Suppl. Decl. ¶ 7).  However, even resolving the dispute in Plaintiff's favor, he presents no argument as to why this contact with California should give rise to personal jurisdiction in this case.  It is purely coincidental that eBay and Plaintiff are resident in the same state, and Plaintiff fails to argue why such a minimal contact and luck should work to have WorthPoint brought into court in California for a copyright claim.  *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985) (the "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts") (citations omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV-15-00112-MWF (Ex)                    Date:  April 28, 2015

Title:      Barry Rosen -*v*- Terapeak, Inc., et al.

Further, given Plaintiff's allegations in the FAC as to Terapeak and WorthPoint's relationship, it is apparent that a license with eBay, purportedly subjecting WorthPoint to personal jurisdiction in California, is not a "but for" cause of Plaintiff's claims.  WorthPoint has obtained the photographs without having to contract or deal in any other way with eBay, but instead through a Canadian company, Terapeak.  Therefore, its contacts with California through eBay are not a "but for" cause of Plaintiff's claim and Plaintiff makes no allegations as to the nature of the license agreement.

Plaintiff fails to establish that WorthPoint's purported license with eBay is a contact sufficiently related to his claim to establish that this Court has personal jurisdiction over WorthPoint.

### E.      Jurisdictional Discovery

Plaintiff requested in his Opposition, and made argument again at the hearing, for the Court to allow discovery as to facts that may show that this Court has jurisdiction over WorthPoint.  The Court has "broad discretion to permit or deny jurisdictional discovery." *Lang v. Morris*, 723 F. Supp. 2d 966, 979 (N.D. Cal. 2011) (dismissing defendant for lack of personal jurisdiction where artist had not sold any paintings into California or directed her work to California).  To warrant jurisdictional discovery, Plaintiff must present a "colorable basis" for such discovery.  *Id.*

The Court sees no basis for granting discovery.  Plaintiff provides no more than conclusory allegations as to WorthPoint's advertising or other activity directed specifically towards California.  Discovery granted on this basis would amount to no more than a fishing expedition by Plaintiff.  The Court has also determined that the eBay contract and location of any servers are not a basis for exercising jurisdiction and so any further discoverable facts relating to them would be irrelevant. *See Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995) (holding that discovery is not warranted if a plaintiff cannot "demonstrate how further discovery would allow it to contradict the [defendant's] affidavits.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.  CV-15-00112-MWF (Ex)**                                   **Date:  April 28, 2015**

Title:       Barry Rosen -*v*- Terapeak, Inc., et al.

## V.   **CONCLUSION**

For the reasons stated above, the Court concludes that Plaintiff has failed to make a prima facie case for this Court's jurisdiction over WorthPoint.  Accordingly, the Court **GRANTS** the Motion.

WorthPoint is **DISMISSED** from this action *without prejudice*.

IT IS SO ORDERED.

---