David Aronoff (SBN 125694)
   daronoff@foxrothschild.com
Patrick J. Hagan (SBN 266237)
   phagan@foxrothschild.com
FOX ROTHSCHILD LLP
1800 Century Park East, Suite 300
Los Angeles, CA 90067-1506
Telephone: 310-598-4150
Facsimile: 310-556-9828

FILED
CLERK, U.S. DISTRICT COURT
AUG 17 2015
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attorneys for Defendant,
TERAPEAK INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY ROSEN,<br><br>    Plaintiff,<br><br>v.<br><br>TERAPEAK INC., WORTHPOINT CORPORATION, PREMIER AUCTIONS, LLC, and DOES 1 through 10, inclusive,<br><br>    Defendants. | Case No.: 2:15-cv-00112-MWF-E<br><br>Hon. Judge Michael W. Fitzgerald<br><br>**AGREED PROTECTIVE ORDER FOR THE TREATMENT AND EXCHANGE OF CONFIDENTIAL INFORMATION** |

The parties anticipate that documents, testimony, or information containing or reflecting confidential, proprietary, trade secret, and/or commercially sensitive information are likely to be disclosed or produced during the course of this litigation. To expedite the production of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery material, to adequately protect information the parties are entitled to keep confidential, to ensure that only the materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of confidential discovery material in preparation for and in the conduct of this litigation, pursuant to Fed. R. Civ. P. 26(c), it is hereby stipulated and agreed by the undersigned parties, and ORDERED THAT:

1.      This Order shall be binding on: (a) each named party; and (b) each third-party who receives "Confidential Information" in connection with this litigation. "Confidential Information" shall mean all documents (as defined in Rule 34(a) of the Federal Rules of Civil Procedure), and all other information, including but not limited to deposition or pre-trial testimony, answers to interrogatories, affidavits, admissions, data and other materials and their contents, that are designated as "Confidential" pursuant to the provisions of this Order, and any reproductions, excerpts, summaries, abstracts or other materials derived in whole or in part from such information or which paraphrase, excerpt or contain Confidential Information. For the purposes of this Order, the term "party" means any natural person, partnership, corporation, association, or other legal entity, as well as its parents, subsidiaries, affiliates, board members, officers, employees, agents, attorneys, and representatives.

2.      To preserve the legitimate proprietary and privacy interests of sources of information, this Order establishes a procedure for disclosing Confidential Information, imposes obligations on persons receiving Confidential Information to protect such information from unauthorized use or disclosure, and establishes a procedure whereby confidentiality designations may be challenged. This Order applies

only to information produced or disclosed during the course of this litigation, either by the parties to the suit or by third-parties, that is not otherwise publicly available.

3. All information produced or discovered in this litigation that is designated as "Confidential" shall be used solely for the prosecution or defense of this litigation and for no other purpose, unless and until such designation is successfully challenged, and except as provided in Paragraph 18 of this Order.

4. This Order imposes restrictions upon those who may receive information (the "Receiving Parties") produced or disclosed during the course of this litigation that is designated "Confidential" by the party who produced the information (the "Disclosing Party").

5. The designation "Confidential" shall be limited to information that the Disclosing Party reasonably believes to be a trade secret, or other confidential research, development, financial or commercial information the disclosure of which would seriously prejudice the interest of the Disclosing Party or any other person to whom the Disclosing Party has an obligation to hold the information confidential. The designation "Confidential" shall also include Confidential Information that the Disclosing Party reasonably believes is nonpublic and of a sensitive personal or commercial nature, or should otherwise be subject to "confidential" treatment.

6. To designate information "Confidential," the Disclosing Party must so mark it. The designation may be withdrawn by the Disclosing Party. The Disclosing Party must mark each page of each document and/or each significant component of each object containing Confidential Information with the appropriate designation as required. A cover letter may be used, if appropriate, to designate digital data as "Confidential."

7. The parties disagree about whether certain categories of information may be entitled to extraordinary protection because their disclosure to unauthorized persons would create a substantial risk of serious competitive or other recognized harm. Therefore, to the extent Defendant Terapeak Inc. ("Defendant") reasonably

believes any portion of its document production or provision of information requires a "Confidential - Attorneys' Eyes Only" (or "Confidential - AEO") designation, Defendant will make a motion to the Court regarding designation of such documents and information. Nothing herein shall be construed as requiring Defendant to produce these categories of documents or information under a lesser standard of protection unless or until so ordered by the Court. Both parties reserve all their rights.

8. The failure to designate correctly any Confidential Information produced or disclosed in this litigation does not waive the confidentiality otherwise attaching to the Confidential Information. Upon a Disclosing Party's discovery that information was incorrectly designated, that Disclosing Party shall provide notice to the Receiving Parties that the information was inappropriately designated. Upon receipt of such notice, the Receiving Parties shall immediately cease any use of the information that is inconsistent with the new designation. The Receiving Party may object to the new designation pursuant to the procedures set forth in Paragraph 17.

9. Inadvertent production of information that a Disclosing Party later claims should not have been produced because of a privilege, including but not limited to the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. Upon discovery by a Disclosing Party that it has produced an Inadvertently Produced Privileged Document, the Disclosing Party shall promptly notify all parties to which such information was produced. A Disclosing Party may request the return of any Inadvertently Produced Privileged Document by identifying the information inadvertently produced and stating the basis for withholding such information from production. If a Disclosing Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document in the custody of another party, the possessing party shall within three (3) business days return to the Disclosing Party the Inadvertently Produced Privileged Document (and all copies thereof) and shall expunge from any other document or material any information reflecting the contents of the Inadvertently

Produced Privileged Document. The party returning such material may then move the Court for an order compelling production of the material, as may be appropriate.

10. Subject to the provisions of Paragraph 12, and except as provided in Paragraph 13, information designated "Confidential" may only be disclosed to:

    a. partners, counsel, associate attorneys and employees of those law firms who are the attorneys of record for the parties in this action or such other attorneys for the parties who have been retained by the parties to assist counsel of record in this matter and to whom it is necessary that the material be shown, disclosed or otherwise communicated for the purposes of this action;

    b. the parties, and those of their directors, officers, and employees to whom it is necessary that the Confidential Information be shown for purposes of prosecuting and/or defending this action;

    c. the Court and judicial personnel, including court reporters (both audio and video);

    d. any witness in connection with such witness testifying or preparing to testify in any deposition or hearing in this litigation;

    e. consulting or testifying experts who have been retained by a party or its attorney of record for the purpose of prosecuting and/or defending this action;

    f. the direct staff of, and any contract support personnel employed or retained by, the foregoing persons, provided that they are actively involved in this litigation; and

    g. others specifically identified and authorized in writing in advance by the Disclosing Party.

11. All persons and parties to be afforded access to Confidential Information shall first be advised of, and provided with a copy of, this Order. Before receiving any Confidential Information pursuant to this Order, the following individuals must also

agree in writing, by filling out and signing an affidavit in the form annexed as Attachment A hereto, that they, as well as any direct staff or contract support personnel employed or retained by them, will strictly adhere to the terms of this Order:

    a. Consulting or testifying experts retained by counsel in this litigation;

    b. any witness not otherwise covered under Sections 10(a) or (b) above;

    c. Court reporters (including audio and video).

Outside counsel shall be responsible for obtaining and retaining the required signatures.

12. A party may utilize Confidential Information in the course of examining a witness during a deposition as follows:

    a. During the deposition of any witness, the party conducting the deposition may utilize the Confidential Information provided by any Disclosing Party.

    b. If the Confidential Information of a party is revealed during deposition of a non-expert witness, the witness (and if the witness is a non-party, his or her counsel as well) shall be prohibited from disclosing such Confidential Information to others or otherwise making any use of such information other than in connection with this litigation.

    c. Depositions which utilize or refer to Confidential Information shall be taken only in the presence of persons and parties qualified pursuant to Paragraphs 10 or 11 hereunder.

13. Deposition transcripts shall be treated as "Confidential" for a period of ten (10) business days following service of the official transcript. The deponent, his counsel, or any other party may designate portions of the transcript as "Confidential" which designation shall remain in effect for the duration of this Order, unless successfully challenged. The deponent, his or her counsel, or another party making such a redesignation must advise counsel of record and the court reporter of any

changes to the original designation. The court reporter shall mark the face of the transcript appropriately. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette, videotape, CD or other digital container shall be labeled with the appropriate legend. Nothing in this Paragraph shall prevent a party from making specific designations on the record during a deposition. If such a designation is made during the course of a deposition, any person not authorized to receive that category of information shall be excluded from the deposition until testimony regarding those matters has been concluded.

14. When serving subpoenas on third-parties, a copy of this Order shall be included with the subpoena. The protections afforded disclosing parties under this Order shall be available to all third-parties from whom discovery is sought in this litigation.

15. All pleadings, motions, briefs, memoranda, and related submissions containing Confidential Information shall be filed under seal, unless such sealing is successfully challenged. Confidential Information to be filed with the Court in this action shall be filed by placing the relevant documents in a sealed envelope or other appropriate sealed container which shall comply with local rules and on which shall be endorsed the caption of this action, an indication of the nature of the contents of the sealed envelope or other container (without disclosing the Confidential Information) the word "Confidential" and a statement in substantially the following form:

> "Contents Under Seal Subject to Protective Order of the Court dated ____. This Envelope containing confidential information is not to be opened nor the contents thereof displayed or revealed except by order of the Court or upon consent of the parties."

Redacted copies of any under seal filings shall be filed with the Court at the same time as the filing of the under seal submissions.

16. The use of Confidential Information in hearings and other pre-trial proceedings before the Court shall be subject to the following requirements:

    a. A party may refer to Confidential Information in pre-trial conferences before the Court, at evidentiary or other hearings, and at trial. The use of Confidential Information at trial shall be addressed in the final pre-trial order.

    b. Any party that reasonably believes it will disclose Confidential Information in any trial proceeding before the Court shall so inform the Court and the Disclosing Party at least forty-eight (48) hours in advance of actual disclosure so that the Court can decide what precautions, if any, are appropriate to protect the Disclosing Party's Confidential Information, including: (i) how exhibits containing Confidential Information should be introduced at the proceeding in order to maintain their confidentiality; (ii) how any references to those exhibits or other Confidential Information should be made on the record; (iii) how witnesses should be instructed on their confidentiality obligations under this Order; (iv) whether persons who are not authorized to receive Confidential Information should be excluded from those portions of the proceeding that concern such information; and (v) how the pertinent portions of a transcript of the proceeding should be designated. A party's obligation, as set out in this Paragraph, is satisfied by that party's explicit citation to the Confidential Information in any papers filed with the Court in connection with the proceeding and received by the Disclosing Party at least forty-eight (48) hours prior to the proceeding.

17. The following procedures shall govern any challenges to confidentiality designations:

    a. If a party reasonably believes that information produced in this litigation should not have been designated "Confidential" it must provide the

        Disclosing Party with a written objection that identifies the information at issue and states its reasons for questioning the confidentiality designation. The Disclosing Party must respond in writing by fax, email, or hand delivery such that its response is received within six (6) business days, or within such additional time as is reasonable (taking into account the number of documents or other information in issue) and is agreed to by counsel or ordered by the Court.

    b. If the party challenging the confidentiality designation is not satisfied by the Disclosing Party's response, it may so notify the Disclosing Party in writing ("the Objection"), and if the Disclosing Party does not serve a motion to confirm its designation of "Confidential" within ten (10) business days of its receipt of the Objection, then the Objection will be deemed accepted, and the designation will be modified to suit the Objection going forward. If the Disclosing Party does timely move to confirm the confidentiality designation, then until the Court rules, the confidentiality designation shall remain in effect.

18. Nothing in this Order shall prevent a party from (a) using or disclosing its own information, as it deems appropriate without impairing the confidentiality obligations imposed upon all other parties and persons subject to this Order; or (b) using or publishing any material produced and designated by the adverse party as confidential if the party seeking to use such material obtained it independent of the discovery process, e.g., matters of public record, material already in the party's possession, material publicly disclosed at any time by the Disclosing Party, and material that is available from sources other than the Disclosing Party; however, in such event, the burden is on the party seeking to use the material to demonstrate that it obtained such material through independent means.

19. This Order shall survive the termination of this litigation. Within sixty (60) days of final termination of this litigation, the parties must return to the disclosing

Case 2:15-cv-00112-MWF-E

parties or destroy all Confidential Information in their possession, including all originals or copies of documents containing Confidential Information; provided, however, that nothing herein shall require the return or destruction of any work-product of any counsel or paper filed with the Court. When each party has completed its obligations under this Paragraph, it shall provide written notice to that effect to each Disclosing Party.

20. Nothing herein shall require a party receiving Confidential Information to risk judicial, administrative, or legislative sanction if such material is subpoenaed, demanded, requested, or otherwise asked for by any court, administrative, legislative, or other governmental body, or any other person purporting to have authority to subpoena, demand, or request such information. Any party or person receiving Confidential Information covered by this Order that receives a request or subpoena for production or disclosure of Confidential Information shall give written notice to the Disclosing Party and to its counsel as soon as practicable, and in all events sufficiently in advance of the Return date for production to give the Disclosing Party an opportunity to object pursuant to the Federal Rules of Civil Procedure or other applicable rules. Such notice shall identify the information sought and enclose a copy of the subpoena or request. In the event that a subpoena, demand or request purports to require production of such Confidential Information on less than five (5) days' notice, the party to whom the subpoena, demand or request is directed shall give immediate telephonic notice of the receipt of such subpoena, demand or request and forthwith hand deliver a copy thereof, to the attorneys for the Disclosing Party. The person subject to the subpoena or other request shall not produce or disclose the requested Confidential Information without consent of the Disclosing Party unless: (a) the Disclosing Party fails to seek relief from the subpoena or request in a timely manner; or (b) notwithstanding the Disclosing Party's request for relief, production or disclosure is ordered by a court of competent jurisdiction.

**PROTECTIVE ORDER**

21. This Protective Order is subject to modification by this Court upon good cause shown by either party to the litigation. Nothing herein shall preclude a party from applying at any time (including, without limitation, after the conclusion of this action) to the Court for (a) greater protection for Confidential Information than that provided in this Order, including but not limited to seeking a limitation on disclosure of particularly sensitive Confidential Information or (b) relief from (including, without limitation termination of) any or all of the provisions of this Order. The parties shall confer in good faith to reach an agreement on any issues in dispute concerning the meaning, application, or interpretation of this Order prior to any application to the Court for resolution of such dispute.

22. The restrictions set forth in this Order shall supplement any restrictions set forth in other agreements between the parties. Nothing in this Order shall relieve any party from any of its obligations pursuant to its prior agreements. The parties may execute this Order below in any number of counterparts and signature delivered by facsimile or other electronic method shall constitute an original signature.

[signatures on following page]

1  Dated: August 7, 2015                    FOX ROTHSCHILD LLP
2
3                                           By: /s Patrick Hagan
                                                David Aronoff
4                                               Patrick J. Hagan
                                                Attorneys for Defendant,
5                                               TERAPEAK INC.
6
7
   Dated: August 7, 2015                    THE DION-KINDEM LAW FIRM
8
9
                                            By: /s Peter R. Dion-Kindem
10                                              Peter R. Dion-Kindem
                                                Attorneys for Plaintiff,
11                                              BARRY ROSEN
12
13
14         SO ORDERED.
15
   Dated: 8/17/15
16
                                            HONORABLE ~~MICHAEL W. FITZGERALD~~
17                                          ~~UNITED STATES DISTRICT JUDGE~~
                                            Charles F. Eick
18                                          United States Magistrate Judge
19
20
21
22
23
24
25
26
27
28

                                    11
                            **PROTECTIVE ORDER**

# ATTACHMENT A

## TO THE AGREED PROTECTIVE ORDER FOR THE TREATMENT AND EXCHANGE OF CONFIDENTIAL INFORMATION

## CONFIDENTIALITY AGREEMENT

1. My name is: _____.
2. I reside at: _____.
3. My present employer is: _____.
4. My present occupation or job description is: _____.
5. I have been engaged as _____
   on behalf of _____
   in the preparation and conduct of litigation styled *Rosen v. Terapeak Inc.*, No. 2:15-cv-00112-MWF-E.
6. I acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as "Confidential". I agree to comply with and be bound by all the provisions of said Order. I agree that I will not disclose such Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Central District of California for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

By:_____.

Executed on _____.